■ DYNAMIC DELIVERY CORP., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 95500.) [735 NYS2d 755] —Judgment of the Court of Claims of the State of New York (S. Michael Nadel, J.), entered on or about December 8, 2000, after trial, in a proceeding to value property appropriated by the State under its power of eminent domain, awarding claimant $8,376,382.06, inclusive of interest from September 16, 1996, the date of vesting, for the property known as Route 9A, Miller Arterial Highway, City and County of New York, Map No. 9, Parcel No. 9, unanimously affirmed, without costs.

We reject claimant's argument that since the highest and best use of the vacant property is for a surface parking lot, it must be valued on the basis of dollars per square foot of land, and that to value the property, as the Court of Claims did, on the basis of dollars per square foot of floor area that can be developed under the property's floor area ratio (FAR) is to impermissibly predicate a highest and best use other than parking. As the Court of Claims explained (see, Matter of City of New York, 98 AD2d 166, 190-191), the common denominator between claimant's purported comparables, which are zoned

with a FAR of 5, 6 or 10, and the subject property, which is zoned with a FAR of 2, is development potential, the importance of which even claimant's appraisal recognized, albeit with a subjective adjustment to each of the comparable sales that is inappropriate given the availability of "a readily calculable objective factor." Nor should the award be increased by the value of transferable development rights, where claimant presented no evidence of the market value of air rights and defendant's appraiser testified as to the lack of market for such rights in the area at the time of the vesting. We have considered claimant's other arguments and find them unavailing. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.